Howebb, J.
This is an action against the maker and the payee of a note due in all the month of March, 1865, and payable at the Recorder’s office of the parish of West Baton Rouge, on which there is a credit of a partial payment, on 1st March, 1865, to which the payee and endorser sets up the defence of want of legal protest and notice. Judgment was rendered against the defendants in solido, and the endorser alone has appealed.
All the parties reside in the parish of West Baton Rouge, where the note was executed and payable.
The protest was made by the Recorder, on the 24th November, 1865, nearly seven months after the maturity of the note. But the plaintiff contends that this delay was reasonable and excusable, because there was no officer in the parish competent to make a protest at an earlier date. The Recorder says that he was sworn on the 9th of October, 1865, and commenced officiating on the 11th of same month, under a commission from Governer Wells; he says, also, that from 1862, up to his appointment in 1865, he acted under a commission from Governor Moore, and he was never interrupted by Federal authority in the discharge of his duties; but some Federal soldiers came into his office (at what date he does not state) and mutilated his records, and he had to remove them. He re-inscribed a mortgage in 1864. We infer from this that a demand could readily have been made at his office at the maturity of the note by the holder; and there is nothing to show that notice thereof could not have been given to the endorser. A notarial protest is not essential in the'case of inland bills and notes. A demand may be made and notice given by any competent witness* 19 An. 64,
*150 We think, as plaintiff received a partial payment within a month of the maturity, and all the parties resided in the same parish, where it is shown the Recorder’s office, at which the note was payable, was accessible, no impossibility of making a demand and giving notice at maturity is shown, and that the endorser is released. .
It is therefore ordered that the judgment against Valiere Landry, the endorser, be reversed, and that there be judgment in his favor, with costs in both courts.